IN THE UNITED STATES DISTRICT COURT
FOR SOUTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE FACETIME ACCOUNT USED BY CELLULAR DEVICE BEARING CALL NUMBER 305-401-3870 THAT IS STORED AT PREMISES CONTROLLED BY APPLE, INC. | Case No. 8:18-cr-1033-JDA<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Lisa V. Quillen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a FaceTime invitation logs of JAMAL DEMARCUS LATIMER ("the Target Subject"), the user of a cellular telephone assigned call number 305-401-3870 ("the Target Cell Phone"), that is stored at premises controlled by APPLE, INC., headquartered at 1 Infinite Loop, Cupertino, California 95014. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require APPLE, INC. to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigations (FBI), and have been since January 2000. As part of your Affiant's law enforcement duties, Affiant is statutorily charged with investigating federal criminal violations, including the sale of illegal drugs and firearms related violations of federal law. Affiant has been the investigating case agent

involving numerous federal violations to include sale and distribution of illegal narcotics, firearms violations and money laundering. In the course of these investigations, Affiant has obtained numerous search warrants, arrest warrants, and orders for electronic interception of communications under Title III. As part of the aforementioned criminal investigations, Affiant has training and experience dealing with electronic evidence and has prepared multiple search warrant affidavits and supporting warrants for information maintained by telephone and internet service providers and other companies involved with electronic data storage.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21 of the United States Code, as described herein have been committed, are being committed, and will be committed by the Target Subject and others. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. Beginning as early as 2016, law enforcement in the Greenwood County, South Carolina and surround area have seen a steady rise in the number of opioid abuse cases and a marked increase in the number of drug overdose deaths and overdose non-fatalities attributed particularly to heroin and fentanyl toxicity. Based on Sources of Information (SOI) and Confidential Source (CS) information and an ongoing financial investigation, law enforcement has identified, Detric Lee McGowan, his associates and a network of distributors as high volume

counterfeit pill suppliers in the Greenwood, South Carolina area and elsewhere.[1] Agents believe McGowan's drug trafficking organization, mass produces counterfeit opioid pills from fentanyl-laced heroin and fentanyl, both controlled substances, for distribution to lower level distributors and opioid abusers.

6. In September, 2018, a SOI for the Drug Enforcement Administration (DEA), reported to agents of the Las Cruces, New Mexico Resident Office that an individual from South Carolina, later identified as the Target Subject, contacted a Mexican drug trafficker known to the SOI seeking to purchase a multi-kilogram quantities of heroin and cocaine. On September 25, 2018, at the direction of agents in Las Cruces, New Mexico, the SOI made a consensually recorded call to the Target Cell Phone to discuss the details of the impending drug transaction.

7. On October 3, 2018, the Target Subject traveled from South Carolina to Las Cruces for an in-person meeting with the SOI to further discuss and finalize the terms of the impending transaction. Upon arrival at the airport in New Mexico, the Target Subject, using the Target Cell Phone contacted the SOI. A DEA agent, acting in an undercover capacity (UCA), accompanied the SOI to the airport where they picked up the Target Subject and, Jocquavious Bernard Moore, who traveled with the Target Subject from South Carolina. The subsequent car ride to dinner, the dinner meeting and ride to the Target Subject's hotel was recorded by law enforcement.

8. During the recorded meeting, the Target Subject associated himself with the Elite Lounge and The Vault, negotiated the price and delivery of cocaine and heroin from Mexico to

---

[1] McGowan was convicted 1997 of conspiracy to distribute and distribution of cocaine base. McGowan sustained a second federal court conviction in 2009 for conspiracy to distribute and distribution of cocaine. McGowan completed his last term of supervised release July 8, 2017. McGowan purports to be a nightclub party promoter. Based on source information, surveillance and the financial investigation, law enforcement believes McGowan has a significant managerial and financial interest in at least two night clubs in Greenwood, namely, the Elite Lounge and The Vault.

South Carolina, and ultimately ordered ten (10) kilograms of cocaine for $28,000 per kilogram and ten (10) kilograms of "China White[2]" heroin for $48,000 per kilogram.

9. Also during the October 3, 2018 recorded discussions and negotiations concerning the quality, price and delivery of the impending cocaine and heroin shipment, the Target Subject, using the Target Cell Phone's FaceTime application, contacted an individual he (Target Subject) identified as his "brother" and as an individual involved in negotiating the drug transaction. According to the Target Subject, his "brother" did not travel to Las Cruces with him (Target Subject) because his "brother" is afraid to fly.

10. On October 10, 2018, the Target Subject, using the Target Cell Phone, contacted the UCA for an update on the delivery date of the cocaine and heroin to him in South Carolina.

11. Based on the foregoing, I believe there is probable cause exists as to the following violations of 21 United States Code, Sections 841, 843(b), 846, 952 and 963 and seek the issuance of a warrant to search the parcel for controlled substances.

12. In my training and experience, I have learned that APPLE, INC. provides a service called FaceTime. FaceTime communications are end-to-end encrypted and Apple has no way to decrypt FaceTime data when it is in transit between devices. APPLE, INC. cannot intercept FaceTime communications. APPLE, INC. has FaceTime call invitation logs when a FaceTime call invitation is initiated. These logs do not indicate that any communication between users actually took place. FaceTime call invitation logs are retained up to 30 days. FaceTime call invitation logs, if available, may be obtained with an order under 18 U.S.C. § 2703(d).

---

[2] China white is a term used to refer to pure or high grade heroin and heroin mixed with the synthetic opioid fentanyl.

## AUTHORIZATION REQUEST

13. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

14. I further request that the Court direct APPLE, INC. to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on APPLE, INC., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

15. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

16. I further request that the Court direct APPLE, INC., and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber(s) of the target cell phone(s) the existence of this application and Order or this investigation, except as necessary to effectuate the Order, no sooner than one (1) year from the date of the Order or until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2). Such a requirement is justified because the Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the

ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to destroy or tamper with evidence, endanger their own lives or safety, intimidate potential witnesses, change patterns of behavior, or notify confederates.

Respectfully submitted,

Lisa V Quillen

Special Agent Lisa V. Quillen
Federal Bureau of Investigations

SWORN to and SUBSCRIBED
before me this 19th day of October, 2018.

JACQUELYN D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the FaceTime account of JAMAL DEMARCUS LATIMER, the user of 305-401-3870 (Target Cell Phone) that is stored at premises controlled by APPLE, INC.

# ATTACHMENT B

## Particular Things to be Seized

**I.   Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for October 3, 2018.

The following information about the customers or subscribers of the FaceTime account of JAMAL DEMARCUS LATIMER the user of cellular telephone 305-401-3870:

      i. Names (including subscriber names, user names, and screen names);

      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii. FaceTime invitation logs, including the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses).

**II.   Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 21 United States Code Sections 841, 843(b), 846, 952 and 963, involving JAMAL DEMARCUS LATIMER using cellular phone 305-401-3870 on October 3, 2018.